IRVING, J.,
 

 for the Court.
 

 ¶ 1. This appeal arises out of the Mississippi Gaming Commission’s denial of Edward Simon’s work permit application. After the Commission denied the application, Simon appealed to the Tunica County Circuit Court, which reversed and found that the Commission’s denial was arbitrary and capricious. Feeling aggrieved, the Commission appeals and asserts that the circuit court erred in finding that the Commission’s denial of Simon’s application was arbitrary and capricious.
 

 ¶
 
 2. We
 
 agree, and, therefore, reverse and render the judgment of the circuit court.
 

 FACTS
 

 ¶ 3. The Commission initially granted Simon a work permit in 1994. In 1998, Simon entered a plea of guilty to a felony marijuana possession charge and received deferred adjudication, which he successfully completed. Despite the felony, the Commission renewed Simon’s work permit in 1998, 2000, and 2002 or 2003. In 2006, Simon applied for a work permit, but the Commission’s executive director denied same due to Simon’s having pleaded guilty to a felony. Feeling aggrieved, Simon appealed, and the decision was affirmed by a hearing examiner and by the full Commission. Simon then appealed to the circuit court, which reversed the decision of the Commission. In its judgment, the circuit court found “that the Commission has the authority to deny a person a [work permit] if they
 
 commit
 
 a felony crime. There is no requirement ... that a person have an actual conviction.” (Emphasis added). Nevertheless, the circuit court reversed the Commission’s decision, finding:
 

 [Simon]’s argument that does have merit is the contention that the Commission’s action was arbitrary and capricious. When the Commission became aware of [Simon]’s charge in 1997, it made the decision to suspend [Simon]’s work permit until such time as he was released from probation. Once [Simon] had successfully completed his probation and had the charges against him dismissed, the Commission again made the decision to reinstate his work permit and again renew it in 2002.
 

 This is not a case where the Commission is claiming that it only recently discovered [Simon]’s run[-]in with the law; the Commission had all of the pertinent
 
 *1082
 
 facts before it in 1997 when it chose to take the its [sic] disciplinary action. It had the opportunity then to deny [Si-monas permit unequivocally. It chose not to. Once the Appellant finished his probationary period and reapplied for his work permit, the Commission again had the discretion to deny his request. It chose not to.
 

 [[Image here]]
 

 While the Commission would have been justified in denying [Simon] a work permit in 1997 when he first entered a plea of guilty to a felony crime, to wait some ten years later to do so is arbitrary and capricious.
 

 ¶ 4. Additional facts, as required, will be related during our analysis and discussion of the issue.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 5. Our supreme court has discussed the standard of review that appellate courts should use when reviewing the Commission’s decisions:
 

 Pursuant to Miss.Code Ann. § 75-76-173(2) ([Rev.] 2000), circuit court and [appellate court] judicial review afforded by the Mississippi Gaming Control Act is the exclusive method of reviewing Mississippi Gaming Commission actions. The standard of review for such appeals is outlined as follows:
 

 The reviewing court may affirm the decision and order of the commission, or it may remand the case for further proceedings or reverse the decision if the substantial rights of the petitioner have been prejudiced because the decision is:
 

 (a) In violation of constitutional provisions;
 

 (b) In excess of the statutory authority or jurisdiction of the commission;
 

 (c) Made upon unlawful procedure;
 

 (d) Unsupported by any evidence; or
 

 (e) Arbitrary or capricious or otherwise not in accordance with law.
 

 Miss.Code Ann. § 75-76-171(3) [(Rev. 2000) ] (emphasis added). Also, we must adhere to a “deferential standard of review of an administrative agency....”
 
 Miss. Gaming Comm’n v. Freeman,
 
 747 So.2d 231, 238 [(32)] (Miss.1999).
 
 See also IGT v. Kelly,
 
 778 So.2d 773, 775 [ (6)] (Miss.2001). In Nevada, which employs [an] identical statutory standard of review, the Nevada Supreme Court held that “a reviewing court should affirm a decision of the Board which is supported by
 
 any evidence whatsoever,
 
 even if that evidence is less than that which a reasonable mind might accept as adequate to support a conclusion.”
 
 Sengel v. IGT,
 
 116 Nev. 565, 2 P.3d 258, 261 (2000) (emphasis in original) (citations omitted).
 

 Pickle v. IGT,
 
 830 So.2d 1214, 1220(12) (Miss.2002). Simon’s appellate brief urges this Court to “first consider the repercussions of assigning to [the words ‘any evidence whatsoever’] their broadest meaning.” However, we are bound by the law as stated by the Mississippi Supreme Court. Therefore, we will consider the decision of the Commission with a highly deferential standard of review, and will affirm if the decision is supported by “any evidence whatsoever, even if that evidence is less than that which a reasonable mind might accept as adequate to support a conclusion.”
 

 ¶ 6. As the circuit court properly found, there is no requirement that Simon have been
 
 convicted
 
 of a felony before being denied a work permit. Mississippi Code Annotated section 75-76-131(5) (Rev. 2009) states that: “The executive director [of the Commission] shall refuse to issue a work permit if the applicant has
 
 committed, attempted
 
 [,] or conspired to commit a
 
 *1083
 
 crime which is a felony.... ” (Emphasis added). While Simon pleaded guilty and received deferred adjudication, there is no doubt that he committed a felony. The statute does not require that Simon be convicted of a felony. Also, unlike the other grounds listed in section 75-76-131(5), there is no discretion on the part of the Commission when an applicant has committed a felony. Rather, an applicant who has committed a felony “shall” be denied a work permit. Therefore, the Commission had no discretion in denying Simon’s work permit. Furthermore, as we understand Simon’s appellate brief, he does not contend that the statute requires a conviction; rather, he contends that the Commission’s decision was arbitrary and capricious because of the previous renewals of his work permit applications.
 

 ¶ 7. Simon specifically attacks the fact that the Commission was unable to explain why his work permit applications were renewed in contravention of the statute. Simon argues that: “The Commission’s silence as to the reasoning behind its late decision ... should be deemed
 
 per se
 
 arbitrary and capricious.” Simon further claims that the Commission’s denial “opens the door to far more unsavory dealings than those likely to be committed by a man with a dismissed marijuana charge.” Without citing any supporting evidence, Simon claims that “[a] corrupt gaming inspector could literally extort thousands of dollars from applicants, all the while threatening to expose a[sic] ‘overlooked’ crime if the applicant didn’t cooperate.”
 

 ¶ 8. This Court finds Simon’s contentions wholly without merit. The Commission was without discretion in its decision to deny him a work permit. It therefore follows that the decision was not arbitrary and capricious. While there is no explanation of why Simon’s permit was renewed after he committed a felony, that fact does not mean that the Commission’s denial of his work permit was arbitrary and capricious; in fact, according to the statute, the Commission had no choice but to deny Simon’s application. That the Commission improperly acted in contravention of the statute several times prior to the denial merely means that Simon improperly held a work permit for several years when such should have been denied to him. If anything, the Commission’s previous renewals of Simon’s work permit constituted a windfall to him. Given our highly deferential standard of review, the circuit court’s judgment must be reversed, and the Commission’s decision must be reinstated.
 

 ¶ 9. As to Simon’s contention that the Commission’s decision will lead to “widespread graft,” we note that there is no suggestion that anyone attempted to extort money from Simon in order to “overlook” his felony. The non-discretionary nature of the denial may even be intended to reduce graft and corruption — goals that would be undermined by allowing Simon to improperly retain his work permit.
 

 ¶ 10. This contention of error is without merit.
 

 ¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.